UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES,                              :
    Prosecution                         :
                                                     :   Case No. 3:11-cr-151 (VLB)
v.                                          :
                                                     :   December 27, 2011
KEVIN JEFFERSON,                            :
    Defendant                           :

**MEMORANDUM DENYING DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Before the Court is the December 5, 2011 motion by the Defendant Kevin Jefferson seeking to suppress the evidence seized on or about August 4, 2011 and for a *Franks* hearing on his motion. In his motion, the defendant argues that there was no probable cause for the issuance of a warrant to seize the defendant and to search his person and the apartment because the law enforcement officers who applied for the warrant intentionally lied or acted with reckless disregard for the truth in writing the address of the premises to be searched in their supporting affidavit. On December 14, 2011, the Government filed its opposition to the defendant's motion to suppress contending that the search warrant was supported by probable cause and that the Defendant is not entitled to a hearing. For the reasons set forth herein, the Defendant's motion is DENIED.

**FACTUAL BACKGROUND**

The following evidence was introduced with respect to the Motion to Suppress. On August 4, 2011, Task Force Officers David Riehl and Juan Gonzalez Jr. applied to Connecticut Superior Court Judge Owens for a warrant to search the defendant's first floor apartment located at 149 Wordin Avenue in

1

Bridgeport Connecticut.  The application was granted and a warrant was issued (the "warrant").  This address was identified by a cooperating witness known to the Government as a member of the Blood's street gang, "Sex Money Murder" local division upon their federal arrest.

The two Officers provided in the affidavit supporting their warrant application in which they averred that the cooperating individual was on his/her way to 149 Wordin Avenue in Bridgeport, Connecticut to meet with another Bloods gang member and male known to the individual as "Kilo."  Although the informant did not know the real name of "Kilo," the officers were able to identify "Kilo" as "Kevin Jefferson" by the cooperator's description that he is a black male who is paralyzed and uses a wheel chair.  The affidavit stated that the officers knew "Kilo" to be Kevin Jefferson from his prior arrests.  Furthermore, the affiants stated that, when shown a photograph of Kevin Jefferson, the cooperator was able to identify him as the "Kilo" to whom he/she was going to visit at 149 Wordin Avenue.  Finally, the affiants stated that this cooperator told officers that he/she had been buying heroin from "Kilo" since January, 2011 and that one week prior to his/her apprehension, he/she had gone to 149 Wordin Avenue to purchase bundles of heroin valued at $900.00.

The affiants further presented to Judge Owens that at the time the cooperator took them to the Wordin Avenue house, the cooperator had personal knowledge that the subject individual (Kevin Jefferson, aka "Kilo") was at the subject premises (149 Wordin Avenue) waiting to supply more heroin to a fellow gang member.  The cooperator then escorted the investigators to the residence.

**2**

At the location, they observed a known narcotics buyer at the side door of the premises.  The cooperator informed the investigators that this observed buyer frequently purchased narcotics from the sellers at this residence and further advised that he/she had also purchased heroin inside the first floor apartment numerous times.

The relevant premises were described in typewritten form in both the warrant application and affidavit as follows:  "149 Wordin Avenue, 1st Floor Apartment (left hand side door as one faces the residence from Wordin Avenue).  There is also another doorway located off the driveway, which also accesses the first floor apartment.  The residence is described as a three story house, off white in color with brown trim."  Although the warrant was presented before Judge Owens in this form, the affiants discovered that the full address of the subject premises was 149-151 Wordin Avenue.  Therefore, the affiants handwrote "-151" next to the "149" on the face page of the warrant before Judge Owens signed and authorized the document.  It was with that signed warrant that law enforcement went to Kevin Jefferson's home on August 4, 2011 and searched  the premises of the first floor apartment located at 149-151 Wordin Avenue and seized the materials relevant to the defendant's arrest.

## DISCUSSION

### A.  DEFENDANT'S MOTION TO SUPPRESS LACKS MERIT

Motions to Suppress are governed by Rule 12 of the Federal Rules of Criminal Procedure.  The rule states that a motion to suppress must be made

3

before trial. Fed. R.Crim. Pro. 12(b)(1)(C). Where the court resolves factual questions when ruling on a motion, the court must make specific factual findings on the record. *U. S. v. Burbage* 365 F.3d 1174 (C.A. 10th 2004) (holding that Rule 12(d) "does not require detailed findings of facts as long as the essential basis of the court's decision is apparent."). *See also U.S. v. Williams*, 951 F.2d 1287 (C.A.D.C. 1991); *United States v. Prieto-Villa*, 910 F.2d 601 (C.A. 9th 1990).

The Fourth Amendment's text requires that warrants "particularly describe[e] the place to be searched, and the personas or things to be seized." With respect to the place to be searched, the warrant's description should be particular enough to permit an officer "with reasonable effort [to] ascertain and identify the place to be intended." *Steele v. United States*, 267 U.S. 498, 503 (1925). When a seemingly adequate description of the premises turns out to be so ambiguous that police have no idea which premises to search, the particularity requirement is not satisfied and police may not proceed.

If, however the police possess information that clarifies the ambiguity or if it is reasonably clear what portion of the warrant description is in error, a search of the "proper" premises may be permitted. "It is enough if the description is such that the officer[s] armed with a search warrant can with reasonable effort ascertain and identify the place intended.'" *Velardi v. Walsh,* 40 F.3d 569, 576 (2d Cir.1994) (quoting *National City Trading Corp. v. United States,* 635 F.2d 1020, 1024 (2d Cir.1980) (quoting, with alterations, *Steele* at 503)). Even a warrant containing "partial misdescriptions of the place to be searched" is sufficient if "the officer executing the warrant could ascertain and identify the target of the

4

search with no reasonable probability of searching another premises in error." *Id.* (internal quotation marks omitted). "Warrants have been upheld despite 'technical error,' such as an incorrect street address, when the possibility of actual error is eliminated by other information, . . . [including] knowledge of the executing agent derived from personal surveillance of the location to be searched." *Id.* See also *United States v. Christopher*, 546 F.2d 496 (2d Cir.) (finding that the accidental transposition of room numbers did not invalidate the warrant because there could be no reasonable possibility of confusion on the part of the magistrate); *United States v. Gitcho,* 601 F.2d 369, 372 (8th Cir.1979) (finding that the officers' surveillance of the premises provided sufficient basis that the property intended to be searched was the property actually searched); *United States v. Valentine*, 984 F.2d 906 (8th Cir. 1993)(finding that where the possibility of error is eliminated by other information such as a description of the subject premises, supplemental information from an appended affidavit or knowledge of the executing agent derived from personal surveillance of the subject premises, a warrant should be upheld).

In the context of a multi-family dwelling, the Second Circuit has affirmed such "misdescription" where officers executed a warrant because the officers 1) were familiar with the apartment because they had previously purchased drugs through a confidential informant at that location; and 2) had surveilled the informant entering that apartment through the entrance door described in the warrant. *United States v. Williams*, 69 Fed. Appx. 494, 496 (2d Cir. 2003). Consequently, the reviewing court held that the District Court properly found that

5

"the substance of what was presented to the issuing judge adequately supported the issuance of the warrant to search the particular premises and also find that, under the circumstances, there was no reasonable probability that the executing officers would mistakenly enter the wrong premises." *Id.* The Second Circuit concluded that the warrant application was sufficient. *Id.*

In the instant matter, the affidavit presented to Judge Owens sufficiently describes the subject premises with particularity so that the executing officers would not be misdirected. The affidavit describes the building and door to be entered. Furthermore, the Task Force Officers who set forth the relevant facts in the Affidavit supporting the search warrant were sufficiently familiar with the premises because they observed the purchase of controlled substances from the door actually searched and a cooperating witness described the relevant premises and informed them of the numerous drug transactions that had taken place via the side, ground floor apartment door. Notwithstanding the hand written addition of the "-151" to the typewritten address of "149 Wordin Avenue, Bridgeport Connecticut," the Court finds there was sufficient information based on personal knowledge of law enforcement and description of the subject premises to support the particularity requirement of the Fourth Amendment.

### B. DEFENDANT NOT ENTITLED TO A FRANKS HEARING

The defendant states that the affiants intentionally or recklessly misstated the address to be searched. "A defendant may challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the

warrant and the resulting search or seizure." *United States v. Awadallah*, 349 F.3d 42, 64 (2d Cir. 2003) (citing *Franks*, 438 U.S. 154, 164-72 (1978)); *United States v. Canfield*, 212 F.3d 713, 717 (2d Cir. 2000). "In order to invoke the *Franks* doctrine, [the defendant] must show that there were intentional and material misrepresentations or omissions" in the search warrant affidavit. *Id.* In order to warrant a *Franks* hearing, "a defendant must make a substantial preliminary showing that: (1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the judge's probable cause finding." *Salameh*, 152 F.3d 88, 113 (2d Cir. 1998).

*Franks* allows a reviewing court to presume that a search warrant is vaild. *Id*. at 171. However, where a warrant is challenged, *Franks* requires that "allegations of deliberate falsehood or of reckless disregard for the truth . . . be accompanied by an offer of proof . . . specifically [pointing to] the portion of the warrant affidavit that is claimed to be false [and] accompanied by a statement of supporting reasons." *Id. See also, United States v. Singh*, 390 F.3d 168 (2d Cir. 2004) (holding that the defendant was not entitled to a *Franks* hearing where defendant failed to make an adequate showing that there was a knowing, intentional or reckless failure to include information from the affidavit supporting the warrant.). However, "when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Id*. at 171-72. Therefore, *Franks* requires that the challenged contents of an

affidavit on a search warrant or supporting affidavit be material to the document and that such attack be supported by a sworn or otherwise reliable statement of reasons.

As stated above, the detailed description of the premises to be searched was sufficient for the Court to find probable cause to issue a warrant to search the subject premises. The defendant's conclusory statements unsupported by particularized facts do not cast doubt on the sufficiency or truthfulness of the description and therefore do not meet the requirements of *Franks*. Even without the addition of the handwritten "-151," the warrant did describe with sufficient particularity the premises to be searched in satisfaction of the Fourth Amendment's requirement. Absent detailed allegations to the contrary, the Court presumes the validity of the affidavit and search warrant.

In conclusion, the Court finds that there is sufficient evidence to find that the warrant to search the defendant's apartment was supported by probable cause. Therefore, the physical evidence located at the first floor apartment of 149-151 Wordin Avenue will not be suppressed and a Franks hearing is not warranted. For the foregoing reasons, the defendant's Motion to Suppress is DENIED.

                                  IT IS SO ORDERED.

                                  /s/
                                Vanessa L. Bryant
                                United States District Judge

Dated at Hartford, Connecticut: December 27, 2011.